UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOKYOHANA, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _4:19-cv-4551 |
| | § | |
| AMGUARD INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff TOKYOHANA, INC. ("Tokyohana" or "Plaintiff") files this Original Complaint & Jury Demand against AMGUARD INSURANCE COMPANY ("AmGuard" or "Carrier" or "Defendant") and would respectfully show the following:

### Parties

1. Plaintiff, Tokyohana, Inc. is a domestic for-profit corporation located and operating in the State of Texas.

2. Upon information and belief, AmGuard is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. AmGuard regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. AmGuard may be served with process through **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

### Venue & Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district, and the property subject of the action is situated within this judicial district. Namely, this action concerns real property in Harris County, Texas. The insurance policy at issue and of which Plaintiff is a beneficiary was to be performed within this district, and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made within this district. Further, investigation, including communications to and from Defendant and Plaintiff (including telephone calls, mailings, and other communications to Plaintiffs) occurred within this district.

## Rule 542A Compliance

5.      Plaintiff files this case before sending a written notice under Section 542A.003(d)(1) of the Texas Insurance Code because Plaintiff has a reasonable basis for believing there is insufficient time to give pre-suit notice before a limitations period will expire. Plaintiff filed this suit to protect its rights. Plaintiff will promptly comply with the notice procedures under Section 542A.

## Factual Background

*The Property*

6.      Tokyohana, Inc. operates as Tokyohana Grill & Sushi Bar located at 3239 Southwest Freeway, Houston, Texas 77027, in Harris County, Texas (the "Property").  The property is a 4,300 sq. foot, one-story restaurant that includes, but is not limited to, a dining area, bar/lounge, sushi bar, reception area, food preparation/storage area, and office space.

*The Policy*

7.      Prior to August 25, 2017, Plaintiff paid annual premiums, assessments, fees, surcharges, and taxes to AmGuard to acquire comprehensive commercial insurance coverage for the Property under Policy No. TOBP875041.

8.      The Policy provides coverage for Plaintiff, for covered damages that occur during the Policy Period, from January 17, 2017 through January 17, 2018.  In exchange for Plaintiff's premium payment, the Plaintiff's Policy includes the following limits and coverages, in relevant part:

```
LOCATION: 001   BUILDING: 001
3239 Southwest Frwy
Houston, TX 77027
Harris County

Property Deductible: $1,000
Optional Coverages/Glass Deductible: $500
Classification: 09661 - Family-style Restaurant - Sales of Alcoholic Beverages up to 50% of Total Sales
```

**COVERAGES:**

| Coverage | Value |
|---|---|
| **Awnings Coverage** | |
| Limit | $2,500 |
| **Business Personal Property Coverage** | |
| Limit | $500,000 |
| Seasonal Increase Percent | 25 |
| Valuation | Replacement Cost |
| IMPORTANT NOTE | THIS COVERAGE IS RATED BASED ON AN ESTIMATE AND IS SUBJECT TO AUDIT |

| | |
|---|---|
| **Liability** | |
| Gross Sales at this Location | $790,000 |
| Limit | Included |
| **Accounts Receivable** | |
| On-Premises Limit | $25,000 |
| Off-Premises Limit | 25,000 |
| **Debris Removal** | |
| Limit | 25%/$10,000 |
| **Equipment Breakdown Coverage (HSB)** | |
| Inspection Contact Name | Harold Soo |
| Phone Number | 832-687-5223 |
| **Money and Securities** | |
| On Premises Limit | $5,000 |
| Off Premises Limit | $5,000 |
| **Ordinance or Law - Increased Cost Of Construction** | |
| Limit | $10,000 |
| **Outdoor Property** | |
| Limit | $10,000 |
| **Outdoor Signs - Optional Coverage** | |
| Limit | $10,000 |
| **Protective Safeguards** | |
| Protective Safeguards | P-9B|
| **Restaurant Coverage** | |
| Food contamination Limit | $10,000 |
| Advertising Expense Limit | $3,000 |
| Spoilage Per Occurrence Limit | n/a |
| Brands and Labels | BPP Limit |
| Delivery Errors and Omissions | $10,000 |
| Fine Arts | $25,000 |
| Reward Payment | $5,000 |
| Lock Replacement | $1,000 |
| Merchandise Withdrawal Expenses | $25,000 |
| Ordinance or Law - Equipment Coverage | Building/BPP Limit |
| Credit Card Slips | $10,000 |
| **Spoilage** | |
| Deductible | $500 |
| Limit | $10,000 |
| Description of perishable stock | Restaurants |
| Breakdown or Contamination Coverage | Yes |
| Power Outage Coverage | Yes |
| **Valuable Papers and Records** | |
| On-Premises Limit | $25,000 |
| Off-Premises Limit | $25,000 |
| **Water Back-up and Sump Overflow** | |
| Covered Property Limit | $5,000 |
| Business Income and Extra Expense Limit | $5,000 |
| **Business Income & Extra Expense** | |
| Limit | Actual Loss Sustained up to 12 Months |

9.      As evidenced by the Declarations Page and confirmed in the Policy provisions, the Policy provides coverage to the Property for spoilage, damaged business personal property, business income and extra expense.  Further, the Policy provides coverage for Business Personal Property for $500,000, along with other sublimits.  *See* Ex. A, Policy, at Declarations Pages.

*Hurricane Harvey*

10.     On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall on the Texas coast as a Category 4 hurricane with wind speeds of up to 150 miles per hour. Hurricane Harvey's wind and rain continued to travel through the southeast part of Texas, inflicting billions of dollars in damages to private and public property in its path. The Texas Division of Emergency Management incurred more than $439 million in costs associated with debris removal, public property damage, and police/EMS response immediately after Harvey. Texas Governor Greg Abbott has estimated that Hurricane Harvey's damages will total an historic $180 billion.

11.     Harvey's destruction produced extreme winds and rain that caused significant property damage. Indeed, those winds caused significant damage to the Property. Sizeable portions of the roofs and exterior were compromised by wind, and as a result, there was also substantial interior damage to the buildings.  This resulted in a reasonably clear covered loss to Plaintiff's business personal property, fixtures, equipment, and business income.

*Plaintiff makes insurance claim for damages*

12.     The following photographs taken after Harvey depict some of the physical damages:






13.     The Property was substantially damaged by the storm.  Yet as devastating as the physical damage was, Plaintiff felt fortunate to be protected by the insurance coverage they had procured to insure the Property and business from precisely this type of catastrophe.  Immediately after the storm, Plaintiff promptly filed a claim with AmGuard, alerting them to the extensive damages.  This sense of security, borne of pricey contractual relationship, would prove illusory as Defendants began their investigation and handling of the claim.

*Plaintiff works hard to document its damages for Defendant, but AmGuard unreasonably refuse to pay.*

14. Amguard's claim-handling process resulted in a wrongful refusal to pay and omitted a wealth of facts, physical evidence, obvious wind damages, and meteorological data supporting Plaintiff's claim. Defendant unreasonably pinned the losses on anything but the wind and resulting water intrusion, an action designed to save AmGuard millions of dollars in damages to the Property and the business.

15. AmGuard assigned several adjusters, including defendant Brandon Allen, Jim Richardson, David Nance, and Lisa Fennell, to the claim. None of these adjusters provided a scope of damages or an estimate. AmGuard subsequently engaged Rimkus Consulting Group, Inc. to employ representatives to handle and adjust the claim. Those persons were improperly trained as to their responsibilities and were instead directed to minimize – and in fact, did minimize – claim payments and delay the reconstruction project in order to get Plaintiff's business back and running.

16. Duncan Doss from Rimkus completed a site inspection for Vericlaim. Mr. Doss and the other adjusters assigned to the claim were unqualified and incapable of adequately assessing the damages to this type of commercial Property and were the source of many delays throughout the claim process. AmGuard continued to delay the claim resolution and did not provide the insured with answers.

17. After these cursory and substandard inspections, and more than five months after the Property was damaged, AmGuard fully denied the claim on November 22, 2017. AmGuard refused to release a copy of Mr. Doss' report but relayed in a March 8, 2018 email that Mr. Doss found the cause of the damages was due to "the roof-mounted exhaust fans blew off their respective curbs due to Hurricane Harvey." Yet to date, no payments have been made to Tokyohana for damages from Hurricane Harvey.

18. AmGuard has ignored the scores of facts, witnesses and meteorological data supporting the covered claim. This deceptive claim handling and outright false denials have crippled Tokyohana's ability to operate their business. Tokyohana has cooperated throughout the claims process.

19. Over two years after the Hurricane Harvey winds and rain severely damaged this business personal property and caused other business losses, based on inadequate investigation, wrongful delays, and refusals to fully pay for reasonably clear damages, AmGuard has not issued a full payment. To this day, due to Defendant's outcome-oriented, inadequate, and haphazard investigation, AmGuard has refused to pay for covered damages under the Policy.

**Count 1 – Violations of Texas Insurance Code, Section 541**

20. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

21. Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

22. Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

23. Defendant failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

24. Defendant refused to pay the claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

25. Defendant misrepresented the insurance policies under which it affords property coverage

to Plaintiff, by making an untrue statement of material facts, in violation of Texas Insurance Code Section 541.061 (1).

26. Defendant misrepresented the insurance policies under which it affords property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061(2).

27. Defendant misrepresented the insurance policies under which it affords property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material facts and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

28. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### Count 2 – Violations of the Texas Insurance Code, Section 542

29. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

30. Defendant failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

31. Defendant failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that the Defendants reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

32. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by the

Defendant in violation of Texas Insurance Code Section 542.056(a). The delay was egregious, unnecessary, and wholly caused by the Defendant.

33. Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

34. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were producing cause of Plaintiff's damages.

### Count 3 – Statutory Interest

35. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

36. Plaintiff makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### Count 4 – Breach of Contract

37. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

38. As outlined above, Defendant breached its contract with Plaintiff by refusing to pay for covered damages under the Policy. As a result of Defendant's breach, Plaintiff suffered legal damages.

### Count 5 – Breach of duty of good faith & fair dealing

39. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

40. Defendant as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Defendant breached this duty by refusing to

properly investigate and effectively denying insurance benefits. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendant's breach of these legal duties, Plaintiff suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

41. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

42. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claim for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### Count 7 – Violations of Texas Deceptive Trade Practices Act

43. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

44. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant have also acted unconscionably, as that term is defined under the DTPA.

45. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages.

**Resulting Legal Damages**

46. Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

47. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

48. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

49. Defendant knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

50. Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

51. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the jurisdictional limits of this Court.

52. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

53. Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Business & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendant for actual damages in excess of the minimum jurisdictional

limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

            Respectfully submitted,

            **RAIZNER SLANIA LLP**

            *[signature]*

            _____
            JEFFREY L. RAIZNER
            State Bar No. 00784806
            Southern District Bar No. 15277
            ANDREW P. SLANIA
            State Bar No. 24056338
            Southern District Bar No. 1057153
            AMY B. HARGIS
            State Bar No. 24078630
            Southern District Bar No. 1671572
            BEN WICKERT
            State Bar No. 24066290
            Southern District Bar No. 973044
            efile@raiznerlaw.com
            2402 Dunlavy Street
            Houston, Texas 77006
            Phone: 713.554.9099
            Fax:   713.554-9098
            **ATTORNEYS FOR PLAINTIFF**

## **JURY DEMAND**

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
**ANDREW P. SLANIA**